UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

  v.               Case No. 05-CR-227

JILL McBRAYER, a/k/a Jill Toler,
and LAWRENCE REESE,

   Defendants.

**ORDER DENYING DEFENDANTS' REQUESTS FOR EVIDENTIARY HEARINGS**

   Two of the defendants in this multi-defendant case, Jill McBrayer ("McBrayer") and Lawrence Reese ("Reese"), have filed requests for evidentiary hearings in conjunction with their respective motions to suppress statements. For the reasons which follow, their requests for evidentiary hearings will be denied.

   In the case of McBrayer, she asserts that the discovery indicates that she gave oral statements to law enforcement agents on three separate occasions, to wit, on January 30, 2004, on February 2, 2004, and on February 12, 2004. According to McBrayer, the discovery also indicates that she gave a written statement to law enforcement officers on January 30, 2004. The January 30, 2004 and the February 12, 2004 oral statements (and presumably the January 30, 2004 written statement) were obtained from McBrayer while she was at her place of employment. The February 2, 2004 oral statement was obtained from McBrayer while she was at her residence.

McBrayer asserts that "the main issue on these statements is whether the defendant was in custody at the time of the statements for purposes of *Miranda*. Also, the voluntariness of the statements may also be an issue to be determined at a hearing in this regard." (McBrayer Mot. at 2.)

In the case of Reese, he asserts that he was questioned by an FBI agent on June 22, 2004 at his residence. Reese further asserts that his statement must be suppressed because he was: (1) "not advised that he was a target of a criminal investigation"; (2) "not advised of his right against self-incrimination, i.e., his *Miranda* rights"; and, (3) "not advised of his right to have counsel present during the interview in light of the information known to the FBI prior to his being questioned." (Reese Mot. at 2.)

The government opposes these moving defendants' requests for evidentiary hearings on their respective motions to suppress. First of all, the government seems to acknowledge that neither McBrayer nor Reese were given *Miranda* warnings prior to their being interviewed. However, the government argues that the FBI 302 reports, which are attached to its response and which recount the interviews of McBrayer and Reese, demonstrate that neither defendant was in custody at the time of their interviews. (Gov't's Resp. at 3.) Consequently, it was not necessary for either of them to be advised of their *Miranda* rights prior to being interviewed. *See United States ex rel Link v. Lane*, 811 F.2d 1166, 1170 (7th Cir. 1987) ("*Miranda* deals only with the 'admissibility of statements obtained from an individual who is subjected to custodial police interrogation.'") (quoting *Miranda v. Arizona*, 384 U.S. 436, 439 (1966)). "Considering that the defendants were not 'in custody' and their motions do not suggest that they believed this to be the case, *Miranda* warnings were not required." (Gov't's Resp. at 3.) In determining whether to grant an evidentiary hearing on a motion to suppress, the Seventh Circuit has held:

2

> A defendant who seeks to suppress evidence bears the burden of making a prima facie showing of illegality. *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir.1988), *cert. denied*, 490 U.S. 1074, 109 S.Ct. 2084, 104 L.Ed.2d 648 (1989). Reliance on vague, conclusory allegations is insufficient. A defendant must present "definite, specific, detailed, and nonconjectural" facts that justify relief before a district court will grant a suppression hearing. *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986). Additionally, these facts must be material, and they must be disputed. *United States v. Goudy*, 792 F.2d 664, 667 (7th Cir. 1986).

*United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). Moreover, Criminal Local Rule 12.3 (E.D. Wis.) provides, in pertinent part as follows:

> If a motion seeks an evidentiary hearing, the movant must provide in the motion a short, plain statement of the principal legal issue or issues at stake and specific grounds for relief in the motion and, after a conference with the non-moving party, <u>provide a description of the material disputed facts that movant claims require an evidentiary hearing</u>. (emphasis added)

Simple stated, neither McBrayer nor Reese have presented anything (at least to this point) which would suggest that there are disputed material facts which require an evidentiary hearing for this court to resolve. To the contrary, the essence of the defendants' motions is that they were not advised of their *Miranda* rights. But, the government agrees that they were not advised of their *Miranda* rights. And, neither defendant has submitted any <u>facts</u> to suggest that either of them was "in custody" at the time of their interviews with law enforcement personnel such that *Miranda* warnings would have been required prior to their being interviewed. Consequently, the moving defendants' requests for evidentiary hearings on their respective motions to suppress will be denied.

**NOW THEREFORE IT IS ORDERED** that McBrayer's and Reese's requests for an evidentiary hearing on their respective motions to suppress be and are hereby **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of

3

the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this   20th   day of October, 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
